## UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, 40 West 20th Street, 11th Floor<br>New York, NY 10011-4231<br><br>HEALTHY GULF,<br>1010 Common Street, #902<br>New Orleans, LA  70112<br><br>     Plaintiffs,<br><br>     v.<br><br>WILBUR ROSS, Secretary of Commerce,<br>U.S. Department of Commerce<br>1401 Constitution Ave., NW<br>Washington, DC 20230<br><br>NATIONAL MARINE FISHERIES SERVICE,<br>1315 East West Highway<br>Silver Spring, MD 20910<br><br>NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION,<br>1401 Constitution Ave., NW, Room 5128<br>Washington, DC 20230<br><br>CHRIS OLIVER, Assistant Administrator for Fisheries of the National Oceanic and Atmospheric Administration,<br>1315 East West Highway<br>Silver Spring, MD 20910<br><br>     Defendants. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

1.      The Gulf of Mexico whale, a subspecies of *Balaenoptera edeni*, is one of the most endangered whales on the planet.  By the government's estimates, fewer than fifty individual animals remain, and the population, though once found throughout much of the northern Gulf, is now reduced to the upper waters of a single submarine canyon, lying largely off the Florida panhandle. The population faces a suite of threats in the Gulf of Mexico's industrialized waters, as well as demographic, genetic, and other pressures that can drive small, range-limited populations to extinction.

2.      This case challenges the National Marine Fisheries Service ("NMFS") for its failure to make a final decision, within the time required by statute, on whether to list the Gulf of Mexico whale as an endangered species under the Endangered Species Act ("ESA").

3.      On December 8, 2016, in response to a petition from Plaintiff Natural Resources Defense Council ("NRDC"), NMFS published a 12-month finding that the Gulf of Mexico whale "is in danger of extinction throughout all of its range" and a proposed regulation to list it as an endangered species under the ESA. 81 Fed. Reg. 88653 (Dec. 8, 2016). The 12-month finding identified 27 threats to the whale's survival, six of which were rated as "medium" and eight of which were rated as "high." *Id.* at 88652.

4.      Under the ESA, NMFS was required to take one of three permissible actions within a year of publication of its proposed listing decision. *See* 16 U.S.C. § 1533(b)(6)(A). It was required to (1) issue a final rule listing the Gulf of Mexico whale as endangered, (2) extend the period of review by a maximum of six months, or (3) withdraw its proposal to list the whale and issue a finding upon which such withdrawal was based. *Id.* The law mandates publication of the agency's decision in the Federal Register. *Id.*

5. Despite this unequivocal statutory requirement, and despite the recognized high risk of extinction, NMFS has failed to act within the statutory deadline. The whale remains unprotected by the ESA.

6. To remedy this violation of law, Plaintiffs seek (1) a declaration that Defendants have violated the ESA and Administrative Procedure Act ("APA") in failing to make and publish a final determination on their proposed rule to list the Gulf of Mexico whale as an endangered species; and (2) an order requiring Defendants to make and publish that final determination by a date certain.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g) (action arising under Endangered Species Act citizen suit provision), 5 U.S.C. § 702 (judicial review of agency action), and 28 U.S.C. § 1331 (federal question jurisdiction).

8. The relief requested may be granted under 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief), 16 U.S.C. § 1540(g) (ESA), and 5 U.S.C. §§ 701-706 (APA).

9. Pursuant to section 11(g)(2)(C) of the ESA, 16 U.S.C. § 1540(g)(2)(C), Plaintiff NRDC provided the Secretary of Commerce with written notice of its intent to file this suit more than sixty days prior to the commencement of this action.

10. Defendants have not corrected their violations of the law in response to Plaintiff NRDC's written notice.

11. Venue is proper in the U.S. District Court for the District of Columbia pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e)(2) because a substantial part of the events giving rise to the Plaintiffs' claims occurred in this district. Specifically, the Department of

Commerce is headquartered in Washington, D.C., and officials responsible for responding to the petition are located there. Plaintiff NRDC also has an office in Washington, D.C.

## PARTIES

12. Plaintiff NRDC is a not-for-profit membership corporation founded in 1970 and organized under the laws of the State of New York. NRDC maintains offices in New York, New York; Washington, D.C.; San Francisco and Santa Monica, California; Chicago, Illinois; Bozeman, Montana, and Beijing, China. NRDC has several hundred thousand members nationwide, including members in the central and eastern Gulf states of Louisiana, Mississippi, Alabama, and Florida. NRDC's purposes include the preservation, protection, and defense of our nation's biodiversity and environment. It has long been active in efforts to protect endangered species generally and marine mammals specifically.

13. NRDC and its members have a long history of protecting specific marine mammal species and populations, like the Gulf of Mexico whale, and working to curb threats that impact marine mammals generally, like ocean noise and commercial fishing. Through its Marine Mammal Protection Project, NRDC has worked for more than twenty years to protect marine mammals in the United States and abroad, using various tools including litigation, advocacy, policy development, and participation in Marine Mammal Protection Act-mandated take reduction teams.

14. NRDC members reside throughout the United States and along the north-eastern coast of the Gulf of Mexico. NRDC members regularly observe, visit, study, work to protect, and otherwise delight in the presence of whales in the wild, including the Gulf of Mexico whale. NRDC members intend to continue doing so in the future. For example, in the course of her routine activities, NRDC member and Healthy Gulf member, Bonny Schumaker regularly visits

the north-eastern Gulf of Mexico and enjoys seeing or seeking wildlife, including marine mammals and the Gulf of Mexico whale. Ms. Schumaker has specific plans to continue the activities that bring her to the north-eastern Gulf of Mexico and to Gulf of Mexico whale habitat. NRDC and its members and staff also derive scientific, recreational, conservation, and other benefits from the existence of Gulf of Mexico whales in the wild. These interests have been, are, and will be directly, adversely, and irreparably affected by Defendants' violations of the law. NRDC and its members and staff will continue to be prejudiced by Defendants' unlawful actions until and unless this Court provides the relief prayed for in this Complaint.

15. Plaintiff Healthy Gulf (also known as Gulf Restoration Network) is a nonprofit network of community, conservation, environmental and fishing groups and individuals committed to empowering people to protect and restore the natural resources of the Gulf of Mexico. Healthy Gulf is headquartered in New Orleans, Louisiana, with offices in Pensacola, Florida, and Jackson, Mississippi. Healthy Gulf members live in the five Gulf states of Texas, Louisiana, Mississippi, Alabama, and Florida, and nationwide.

16. Healthy Gulf members and constituents regularly use, enjoy, and benefit from the marine environment of the Gulf of Mexico — including U.S. waters off the Gulf Coast of Florida and beyond. Healthy Gulf members benefit from the presence of healthy marine life—including threatened and endangered species, as well as other marine mammals, fish, birds, and invertebrates — within the Gulf of Mexico marine environment for recreational, aesthetic, commercial, scientific, and environmental purposes — including sailing, whale-watching, scientific study, boat touring, underwater diving, fishing, and photography. The ability of Healthy Gulf and Healthy Gulf's members to pursue these interests hinges not only on the well-being of threatened and endangered species, like the Gulf of Mexico whale, that live, migrate,

feed, and breed in areas off the coast of Florida, but also on the health of the marine ecosystem on which these species depend.

17. Defendant Wilbur Ross is the Secretary of the Department of Commerce and is sued in his official capacity.

18. Defendant NMFS, also known as NOAA Fisheries, is an agency of the United States Government, within and under the jurisdiction of the Department of Commerce. Through delegation of authority from the Secretary of Commerce, NMFS administers and implements the ESA and is legally responsible for listing decisions for species such as the Gulf of Mexico whale.

19. Defendant National Oceanic and Atmospheric Administration ("NOAA") is an agency of the United States Government, within and under the jurisdiction of the Department of Commerce. It has supervisory authority over NMFS.

20. Defendant Chris Oliver is sued in his official capacity as the Assistant Administrator for NOAA Fisheries.

## LEGAL BACKGROUND

21. The ESA is a federal statute enacted to conserve species in danger of extinction and the ecosystems upon which they depend. 16 U.S.C. § 1531(b). The ESA is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978). The Supreme Court's review of the ESA's "language, history, and structure" convinced the Court "beyond doubt that Congress intended endangered species to be afforded the highest of priorities." *Id.* at 174. As the Court found, "[t]he plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, whatever the cost." *Id.* at 184.

22.     One of the purposes of the ESA is "to provide a program for the conservation of . . . endangered species and threatened species . . . ." 16 U.S.C. § 1531(b). To this end, Section 4 of the ESA requires that the Secretary protect such species by listing them as either "threatened" or "endangered." An endangered species is a species "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A threatened species is a species likely to become an endangered species within the foreseeable future." 16 U.S.C. § 1532(20). The term "species" includes "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

23.     A species receives mandatory substantive protections under the ESA only when it is listed as endangered or threatened.

24.     Any interested person can begin the listing process by filing a petition to list a species with the Secretary.  16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

25.     Upon receipt of a petition to list a species, the Secretary of Commerce (hereafter "Secretary") has ninety days, to the maximum extent practicable, to make a finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(b)(1).

26.     If the Secretary makes a positive ninety-day finding, the Secretary must promptly publish it in the Federal Register and commence a "status review" of the species. 16 U.S.C. § 1533(b)(3)(A).

27.     After issuing a positive ninety-day finding, the Secretary has twelve months from the date he received the petition to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but

presently precluded by work on other pending proposals for listing species of higher priority. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).

28. If the Secretary finds that listing the species is warranted, he must publish a 12-month finding and proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

29. Within one year of the publication of the 12-month finding and proposed rule to list a species, the Secretary must take one of three actions: publish in the Federal Register a final determination on the proposal, 16 U.S.C. § 1533(b)(6)(A); withdraw the proposed rule "together with the finding on which such withdrawal is based," *id.*; or, if there is "substantial disagreement regarding the sufficiency or accuracy of the available data," extend the one-year period by six months or less. 16 U.S.C. § 1533(b)(6)(B)(i).

## FACTUAL BACKGROUND

30. Although *Balaenoptera edeni* (commonly known as Bryde's whales) are found in tropical waters around the world, the Gulf of Mexico whale represents a unique evolutionary lineage within the Bryde's whale (*Balaenoptera edeni brydei*)/Eden's whale (*Balaenoptera edeni edeni*) complex. It is highly distinctive from other Bryde's whales—differing in size and communicating using unique calls—and evolutionarily divergent and genetically separate at least to the subspecies level. It is also one of the most endangered whales on the planet, with only 33 individual animals estimated, by NMFS, to remain.

31. The Gulf of Mexico whale is the only resident baleen whale in the Gulf of Mexico. The whale is severely restricted in its range. Although historically the whale's distribution included the northeastern, north-central, and southern Gulf, today the whale is found almost exclusively in the DeSoto Canyon in the northeastern Gulf, off the Florida panhandle.

The DeSoto Canyon is an erosional valley that cuts through the broad continental shelf and creates an upwelling of deep, nutrient-rich water. Both vessel survey and acoustic data support the consistent presence of Gulf of Mexico whales in this area.

32. In its 12-month finding and proposed rule to list the whale, NMFS found "the species faces a high risk of extinction." The agency identified 29 separate threats to the species' survival. These threats include energy exploration and development, oil spills, oil spill response, ship strikes, entanglement in commercial fishing gear, anthropogenic noise associated with seismic surveys, and military training and testing activities.

33. Among the anthropogenic threats facing the population, NMFS found that the danger of an oil spill was one of eight posing a "high" risk to the Gulf of Mexico whale's survival. "Oil spills are a common occurrence in the Gulf of Mexico," the agencies observed, and the impact of a spill on a whale can be long-lasting and severe. The impacts from exposure to an oil spill included "[r]eproductive failure, lung and respiratory impairments, decreased body condition and overall health, . . . burns to mucous membranes of eyes and mouth, and increased susceptibility to infection." 81 Fed. Reg. 88644. And the impacts are likely to be ongoing, including "reduction or contamination of prey, direct ingestion of contaminated prey, or displacement from preferred habitat." *Id.*

34. Even absent the long list of identified anthropogenic threats, the whale's natural life-history characteristics coupled with the documented low level of genetic diversity, small population size, and restricted range put it at severe risk of extinction. Large baleen whales, like the Gulf of Mexico whale, are slow to mature and have energetically expensive reproduction, resulting in offspring that are typically years apart. For the Gulf of Mexico whale, current abundance is so low that the population is in present danger of decreased population growth due

to inbreeding depression and potential loss of adaptive genetic diversity. The whale's small population size and limited range also increase the population's vulnerability to extinction from chance events and from environmental processes like climate change.

35. On September 18, 2014, Plaintiff NRDC submitted a petition to list the Gulf of Mexico whale as an endangered species under the ESA. The petition outlined the threats to the species, including those threats described above.

36. On April 6, 2015, NMFS issued a finding that action to list the species as endangered "may be warranted." 80 Fed. Reg. 18344. Nonetheless, and notwithstanding its duty under ESA and its associated regulations (16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3)), the agency failed to issue a 12-month finding on the listing within one year of its receipt of NRDC's petition.

37. On May 5, 2016, NRDC filed a Complaint in this Court alleging that NMFS' failure to issue a 12-month finding within the statutory deadline was unlawful. Compl., *NRDC v. Sobeck*, Civ. No. 1:16-cv-00851-KBJ (D.D.C. 2016). The parties subsequently reached a settlement agreement, requiring NMFS to submit a 12-month finding for publication in the Federal Register no later than December 1, 2016. The Court entered the agreement as an Order, with consent of the parties, on September 27, 2016. Settlement Agreement and Order, *NRDC v. Sobeck*, *supra*.

38. On December 8, 2016, NMFS issued a finding that listing the species as endangered is warranted and proposed a listing rule. 81 Fed. Reg. 88653. As of the date of this filing, NMFS has not issued a final rule nor, indeed, published any further determination on the proposed rule.

39. On December 18, 2017, Plaintiff NRDC sent Defendants a sixty-day notice indicating its intent to file suit if Defendants failed to make a final decision on NRDC's petition to list the Gulf of Mexico whale as endangered species or take other action within the next sixty days.

40. Defendants have not remedied the legal violations described in the notice letter.

**CLAIM FOR RELIEF**
(Violation of the Endangered Species Act and the Administrative Procedure Act)

41. Each and every allegation set forth in the preceding paragraphs is incorporated herein by reference.

42. Defendants issued its proposed rule to list the Gulf of Mexico whale as an endangered species on December 8, 2016. 81 Fed. Reg. 88653. The ESA requires Defendants to issue a final determination within one year of the date of the proposed rule to list a species, absent a finding that there is "substantial disagreement regarding the sufficiency or accuracy of the available data," in which case the Secretary may extend the one-year period by six months or less. 16 U.S.C. § 1533(b)(6). NMFS has not yet issued a final determination to list or withdraw the proposed rule, nor did it issue an extension.

43. Defendants' failure to make a final determination within one year on their proposed rule to list the Gulf of Mexico whale as an endangered species is a violation of the ESA. 16 U.S.C. § 1533(b)(6).

44. Defendants' failure to perform this mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA. 5 U.S.C. § 706(1). Defendants' failure to comply with this provision is arbitrary and

capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA. 5 U.S.C. § 706(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing for the following relief:

1. Declare that Defendants violated the ESA and the APA by failing to comply with the non-discretionary duty under ESA Section 4(b)(6), 16 U.S.C. § 1533(b)(6), to make and publish in the Federal Register a final determination on their proposed rule to list the Gulf of Mexico whale as an endangered species;

2. Order the Defendants to make and publish in the Federal Register a final determination on their proposed rule to list the Gulf of Mexico whale as an endangered species by a date certain;

3. Grant Plaintiffs fees, costs, expenses and disbursements, including reasonable attorneys' fees; and

4. Grant Plaintiffs such additional and further relief as the Court deems just and proper.

Respectfully submitted this 21st day of February, 2019.

By: ______________________________

Sharon Buccino (DC Bar No. 432073)
1152 15th Street, NW
Washington, DC 20005
202-289-2397
sbuccino@nrdc.org

Stephen Zak Smith (CA Bar No. 228913), *pro hac vice application forthcoming*
Natural Resources Defense Council
1314 Second St.
Santa Monica, CA 90401
310-434-2334
zsmith@nrdc.org